[No. 8982.  *En Banc.*  August 6, 1910.]

*In the Matter of the Application of* S. R. RAINEY *for a Writ of Habeas Corpus.*[1]

BAIL — EXCESSIVE BAIL — CRIMINAL CHARGE — ASSAULT.  Bail in the sum of $5,000 on a charge of assault in the second degree is not excessive, where the assault was atrocious and without provocation and the maximum penalty is imprisonment for ten years in the penitentiary or a fine of $1,000, or both (RUDKIN, C. J., dissenting).

Application filed in the supreme court August 5, 1910, for a writ of habeas corpus.  Denied.

*Frank H. Kelly,* for petitioner, cited:  *In re Rafferty,* 1 Wash. 382, 25 Pac. 465; *Packenham v. Reed,* 37 Wash. 258, 79 Pac. 786; *State ex rel. Romano v. Yakey,* 43 Wash. 15, 85 Pac. 990; *United States v. Lawrence,* Fed. Case, No. 15,577; *United States v. Brawner,* 7 Fed. 86; *Ex parte Croom & May,* 19 Ala. 561; *Ex parte Choynski,* 42 Tex. Cr. 586, 61 S. W. 391; *Ex parte Douglas,* 25 Nev. 425, 62 Pac. 49; *Petition of Alexander,* 59 Mo. 598, 21 Am. Rep. 393, 394; 5 Am. Dig. (Century ed.), column 2317, par. 211; 3 Am. Dig. (Decennial ed.), par. 52 and 53, Bail; Rem. & Bal. Code, §§ 1076, 1077.

*F. G. Remann,* for respondent.

PER CURIAM.—This is a proceeding by habeas corpus.  It appears that the petitioner is charged with the crime of assault in the second degree.  His bail bond was fixed in the sum of $5,000, which he alleges is an excessive and unreasonable amount, and that he is unable to give the same.  The assault appears to have been made without provocation and was an atrocious one, and the person assaulted was and is severely injured.  The maximum penalty for this offense is imprisonment in the penitentiary for a period of not more

[1]Reported in 110 Pac. 7.

than ten years or by a fine of not more than $1,000, or by both. Rem. & Bal. Code, § 2414. In view of this punishment and of the atrocity of the offense, of which the court fixing the amount of the bail appears to have been advised, we are of the opinion that the bail is not so unreasonable or excessive in amount as to warrant a reduction.

The writ is therefore denied.

RUDKIN, C. J. (dissenting)—The amount of bail to be exacted depends upon the circumstances of each case and necessarily rests to a large extent in the discretion of the court or committing magistrate, but I am nevertheless of opinion that bail in the sum of five thousand dollars for a laboring man accused of a common felony, where he has no means except his daily wages, is grossly excessive and should be materially reduced. I therefore dissent.